NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

JULIO CESAR IGLESIAS,

                    Plaintiff,

                    v.

CLIFTON BOARD OF EDUCATION,

                    Defendant.

Civil Action No. 07-3756 (SDW)

**OPINION**

February 19, 2008

**WIGENTON**, District Judge.

Before the Court is Julio Cesar Iglesias' ("Plaintiff") *pro se* complaint ("Complaint") against defendant, employer Clifton Board of Education ("Defendant"). Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court, having considered Plaintiff's submissions and for the reasons set forth below, denies Plaintiff's application to proceed *in forma pauperis*, and dismisses Plaintiff's Complaint without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Plaintiff filed a Complaint claiming disparate pay and discrimination based on race or national origin against Defendant.[1] (Comp. at 3.)  In his Complaint, Plaintiff indicated that his

---

[1] Plaintiff's Complaint alleges that Defendant's conduct was discriminatory based on race; however, Plaintiff's Charge of Discrimination specifies discrimination was based on national origin. (Compl. at 3, 5.)

national origin is "Hispanic." (Compl. at 5, Charge of Discrimination.)   On May 14, 2007, Plaintiff received a Notice-of-Right-to-Sue from the Equal Employment Opportunity Commission. (Compl. at 6.)

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(a), a federal court may authorize the commencement of a civil lawsuit without prepayment of the requisite fees provided that a plaintiff submits to the court documentation demonstrating that she or he is unable to pay such fees.  The court may deny an application to proceed *in forma pauperis* if plaintiff fails to submit the required financial information or fails to demonstrate entitlement to *in forma pauperis* relief.  Pursuant to 28 U.S.C. § 1915(e)(2), the court may also deny an application to proceed *in forma pauperis* if the underlying complaint is frivolous or fails to state a claim upon which relief may be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant matter, Plaintiff has indicated on his *in forma paupris* application ("Application") that he is currently employed with an income of $1,323.94 paid "on the 15th and last day of the month."  (Application at 1.)  Plaintiff also has $2,171.83 in cash or a checking or savings account.  (Application at 2.)  As such, Plaintiff does not qualify for *in forma pauperis* relief, and accordingly, his application will be denied.

Even if the Court were to grant Plaintiff's application for *in forma pauperis* relief, Plaintiff's claims are subject to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). As § 1915(e)(2)(B)(ii) is a procedural rule, the analysis pursuant to this section is the same as that under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  *See Gindraw v. Dendler*,

2

967 F. Supp. 833, 841 (E. D. Pa. 1997).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations of the complaint and must construe the complaint in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). The court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

A complaint should be dismissed "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump*, 140 F.3d at 483. While the complaint is to be construed in the light most favorable to the plaintiff, the court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998). *Pro se* complaints are to be interpreted liberally and should only be dismissed for failure to state a claim when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)). Courts have held that *pro se* plaintiffs should be given an opportunity to amend their *in forma pauperis* complaint if it would be dismissed for failure to state a claim. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000); *Gomez v. USAA Fed. Sav. Bank.*, 171 F.3d 794 (2d Cir.1999).

Plaintiff has not alleged facts to support his claims and has not demonstrated the basis for his claim. Plaintiff merely claims to have noted that he was being paid less than another Computer Support Specialist, Ted Lublanecki, who is non-Hispanic. (Compl. at 5, Charge of Discrimination.) Plaintiff alleges that he was told by the Personnel Manager, Margaret Contaldi, that the reason for the disparity in pay was because he did not negotiate a higher salary prior to hire. Management "did nothing to resolve the disparity." (*Id.*) Plaintiff claims to have more education than Mr. Lublanecki and claims to perform more complex tasks. (*Id.*) Plaintiff states "[a]ccordingly, I feel that my salary should be equal to or higher than Mr. Lublanecki's." (*Id.*)

As such, Plaintiff has not alleged a link between his race or national origin and the alleged disparate pay and discrimination. Plaintiff has not set forth facts under which he is entitled to the relief on his claims. Accordingly, Plaintiff's Complaint will be dismissed. Plaintiff will be given the opportunity to amend his Complaint.

**CONCLUSION**

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915. Further, Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted pursuant to U.S.C. 1915(e)(2).

The filing fee of $350 is not waived. Plaintiff may amend his Complaint and re-file it with the filing fee within 60 days of the date of the accompanying Order.

s/Susan D. Wigenton, U.S.D.J.